**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.** | § | |
| | § | |
| **PLAINTIFF,** | § | |
| | § | **CAUSE NO. 3:16-cv-00772-SDD-RLB** |
| **v.** | § | |
| | § | |
| **TOWER CREDIT, INC.,** | § | |
| | § | |
| **DEFENDANT.** | § | |

**PLAINTIFF BRINKER INTERNATIONAL PAYROLL COMPANY, L.P.'S OPPOSITION TO MOTION TO DISMISS**

## I. INTRODUCTION

Defendant, Tower Credit, argues this Court lacks federal question jurisdiction despite Brinker's clear request for a declaratory judgment as to Brinker's obligations to its tipped employees under the Fair Labor Standards Act (FLSA) and the Consumer Credit Protection Act (CCPA). This Court has jurisdiction as both the FLSA and CCPA preempt state law to the extent it can be construed as being contrary to federal law. The FLSA clearly prohibits Brinker from taking any gratuitous tips its employees receive from its customers. Furthermore, the CCPA will only allow a creditor such as Tower Credit to garnish ***wages or disposable earnings.*** The clear federal question is what are wages and disposable earnings as those terms are used under the FLSA and the CCPA.

## II. FACTS

The facts in this case are not in dispute – leaving this Court to decide the legal issue of what are wages or disposable earnings for purposes of the Fair Labor Standards Act and the Consumer Credit Protection Act?

## III. ARGUMENT AND AUTHORITIES

### A. This Court Has Federal Question Jurisdiction to Determine Federal Law

Tower asserts that Brinker is attempting to get this court to interpret state law rather than two very important federal statutes that protect the rights of individual citizens. The Fair Labor Standards Act is designed to ensure that individuals are paid fair pay for a fair day's work, and the Consumer Credit Protection Act is designed to protect these same individuals from predatory collection efforts.

Brinker brings this declaratory judgment action under the Federal Declaratory Judgments Act, 28 U.S.C. §400. Under this Act, the court has the discretion to address questions under federal law such as the FLSA and the CCPA. *Lynch v. Household Finance Corp.*, 405 U.S. 538 (1972) (noting that Congress granted federal courts jurisdiction of "all suits of a civil nature at common law or in equity, arising under the Constitution or laws of the United States").

Admittedly, this court is not required to exercise its jurisdiction under the Federal Declaratory Judgments Act. *Aetna Casualty Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1998). In the interest of justice, however, this Court should exercise its discretion and entertain this declaratory judgment action. Without a definitive answer with regard to this very important federal question, Brinker is put in a very difficult precarious situation. If it accepts Tower's interpretation, its employee can file a claim against Brinker for a violation of the FLSA or for

conversion of funds or the DOL can file its own claim against Brinker. Exercising jurisdiction over this matter protects not only Brinker but citizens such as Alisha Thornton that the FLSA and the CCPA were designed to protect.

**B. The Fair Labor Standards Act and the Consumer Credit Protection Act Expressly Provide that Tips Are Not Wages Nor Earnings.**

Tower apparently does not take issue with the fact that the FLSA ***requires*** Brinker to give its employees *all tip free and clear* and prohibits from using a tip credit ***for any reason*** other than is statutorily permitted. Satisfying employee's debts is not one of the reasons that tips can an employer can use an employee's tips. Brinker can only use tips as a credit towards its ***minimum wage*** obligations or in furtherance of a valid tip pool. 29 C.F.R. §531.52 (emphasis added). Thus, as Brinker cannot consider tips as wages for its employees, it pays its employees $2.13 per hour and no more.

The Consumer Credit Protection Act, 15 U.S.C. §1671, et seq., regulates a creditor's ability to collect debts, and, as such, Tower must comply with the requirements set forth in the statute. While the CCPA does not supplant state garnishment laws, it does preempt state garnishment laws that otherwise contradict the CCPA. 15 U.S.C. §1671. See also *Hodgson v. Hamilton Mun. Ct.*, 346 F.Supp. 1125, 1131-33 (S.D. Ohio 1972).

Tower admits that the CCPA restricts a creditor's right to attach an individual's ***earnings*** to 25% of the debtor's disposable income, or the amount by which the disposable earnings exceed thirty times the prevailing federal minimum wage, whichever is less. 15 U.S.C. §1673. The CCPA defines "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program." 15 U.S.C. §1672(a).

Tower's argument that that no federal question exists as "long as the state's statute does not allow a seizure of more than 25% of the debtor's weekly income," misses the mark. See Tower's brief at p. 3. The question that must be answered is how does federal law define "disposable earnings." Until that definition is clarified, it is impossible to calculate what percentage, if any, is subject to garnishment. Louisiana cannot expound upon this definition – no matter how much Tower wishes that it might. Tower is further incorrect in arguing that the analysis "depends upon interpretation of Louisiana's garnishment and exemption statutes." See Tower Credit's brief at p. 2. Louisiana ***cannot*** give a broader interpretation of disposable earnings than what is defined under the CCPA.

As stated, the CCPA defines "earnings" as compensation the *employer* "pays for personal services." 15 U.S.C. §1672(a). It does not define earnings as gratuitous gifts given by Brinker's customers to Brinker's employees (which is what tips are). The FLSA defines tips as sums "presented by a customer as a ***gift or gratuity*** in recognition of some service performed for him." 29 C.F.R. § 531.52 (2013) (emphasis added).

Tower conveniently ignores the federal agency that is responsible for enforcing ***both*** the FLSA and the CCPA. It does not even attempt to discuss why the DOL's interpretation that tips are not part of the calculation of earnings for purposes of the CCPA is incorrect. Instead, it relies on two state cases, *United Guaranty v. Dimmick*, 916 P.2d 638 (Colo. 1996) and *Shanks v. Lowe*, 364 Md. 538 (Md.Ct.App. 2001). Neither of the cases discusses the FLSA nor the CCPA, and it does not appear that either party even raised the issue before these courts. To suggest that these courts found that the issue is be redressed solely by state law without reference to the FLSA and the CCPA is disingenuous.

Interestingly, Tower cites *Erlanger v. Strong*, 282 S.W.3d 349 (Tenn. Ct. App. 2012) which actually supports Brinker's position. The court in *Erlanger* noted that Tennessee's statute was "virtually identical" to the CCPA. It cited the case of *Big M, Inc. v. Texas Roadhouse Holding, LLC*, 1 A.3d 718 (N.J. App. Div. 2010) in which the court found that a "federal administrative agency's interpretation ***of a federal statute*** warrants some deference . . . ." See also *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944) (requiring deference to interpretations of federal statutes by agencies charged with their enforcement).

## IV. CONCLUSION

For the above and foregoing reasons, Brinker respectfully requests that this Court exercise its jurisdiction and issue a declaratory judgment holding that the tips its employees receive from customers belong to the employee and are not subject to garnishment laws.

Respectfully submitted,

JACKSON LEWIS P.C.

/s/ Susan Fahey Desmond
SUSAN FAHEY DESMOND (La. Bar. 25380)
Jackson Lewis P.C.
650 Poydras, Suite 1900
New Orleans, LA 70138
Telephone: 504-208-1755
Facsimile: 504-208-1759
Email: susan.desmond@jacksonlewis.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2017, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the parties. I further certify that I faxed and mailed the foregoing document and the notice of electronic filing by facsimile and first-class mail to:

Richard Bankston, Esq.
427 S. Foster Drive
Baton Rouge, LA 70806

/s/ *Susan Fahey Desmond*
Susan Fahey Desmond

4849-6175-5200, v. 1