UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRINKER INTERNATIONAL PAYROLL
COMPANY, L.P.                                                           CIVIL ACTION

VERSUS                                                                      16-772-SDD-RLB

TOWER CREDIT, INC.

## RULING

This matter is before the Court on the *Motion to Dismiss due to Lack of Subject Matter Jurisdiction* pursuant to Rule 12(b)(1)[1] filed by Defendant, Tower Credit, Inc. ("Defendant"). Plaintiff, Brinker International Payroll Company, L.P. ("Plaintiff"), has filed an *Opposition*[2] to the motion. For the reasons which follow, the motion will be granted.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

On January 15, 2015, Defendant obtained a judgment against Alisia Thornton ("Thornton") in Baton Rouge City Court.[3] After Thornton failed to satisfy the judgment, Defendant filed a garnishment action seeking to satisfy the judgment against Thornton's income. The garnishment was served on Thornton's employer, Plaintiff herein, who filed an answer to the garnishment interrogatories which included a statement that Thornton earns $2.13 plus tips as a waitress. The Baton Rouge City Court rendered a judgment

---

[1] Rec. Doc. No. 5.
[2] Rec. Doc. No. 9.
[3] "Tower Credit, Inc. v. Alisia Thornton," 14-08025-E.
38984

of garnishment ordering Plaintiff to place the matter in line for payment to the Baton Rouge City Constable.

Defendant claims that Plaintiff has submitted no payment pursuant to the garnishment order. Telephone communications between the parties allegedly confirmed that Plaintiff believes Thornton's tips are not to be included in the calculation for the amount to be withheld for garnishment. Prior to reaching a resolution on this issue, Plaintiff filed the current suit under the Federal Declaratory Judgment Act[4] seeking a declaratory judgment that, under the Fair Labor Standards Act ("FLSA")[5] and the Consumer Credit Protection Act ("CCPA"),[6] Thornton's tips are not to be calculated in the garnishment amount.

Defendant moves to dismiss for lack of subject matter jurisdiction, arguing that no federal question exists in this case. Plaintiff opposes the motion, arguing that the interpretation of federal statutes is clearly a federal question appropriate for this Court.

## II.  DECLARATORY JUDGMENT ACT

The Declaratory Judgment Act states: "In a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration."[7] Unlike other kinds of cases, over which the district courts have a "virtually unflagging obligation" to exercise their jurisdiction notwithstanding that there is a pending state court action involving the very same issues,[8] the Declaratory Judgment Act "has

---

[4] 28 U.S.C. § 2201.
[5] 29 U.S.C. § 201, *et seq.*
[6] 15 U.S.C. § 1671.
[7] 28 U.S.C. § 2201(a).
[8] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47
38984

been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants."[9] In *Brillhart v. Excess Insurance Company of America*, the Supreme Court recognized district courts' discretion to dismiss a declaratory judgment action when a parallel suit not governed by federal law and presenting the same issues is pending in state court, holding that it would be "uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues ... between the same parties."[10]

In deciding whether to exercise this discretion, the ultimate issue for the Court to decide is "whether the questions in controversy between the parties to the federal suit ... can better be settled in the proceeding pending in state court."[11] In the Fifth Circuit, this decision involves three questions: "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in *St Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)."[12]

In *Wilton v. Seven Falls Co.*,[13] the United States Supreme Court explained how district courts should use discretion to abstain from entertaining a declaratory judgment action:

---

L.Ed.2d 483 (1976).
[9] *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). *See also id.* at 288, 115 S.Ct. 2137 (stating that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration").
[10] 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).
[11] *Id.*, 316 U.S. at 495.
[12] *AXA Re Property & Casualty ins. Co. v. Day*, 162 Fed.Appx. 316, 319 (5th Cir.2006) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir. 2000)).
[13] 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).
38984

> [I]n deciding whether to enter a stay, a district court should examine the scope of the pending state court proceeding and the nature of defenses open there. This inquiry, in turn, entails consideration of whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding. 515 U.S. at 283, 115 S.Ct. 2137 (internal citations omitted). The Supreme Court reasoned that when another suit "involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court," a court's consideration of the declaratory judgment action may constitute "gratuitous interference." *Id.*

The United States Supreme Court has held that "[t]he presence of a substantial federal question must be apparent without the aid of the answer or the petition for removal."[14] "A federal court cannot take jurisdiction of a case as one arising under federal law if the federal issue will be raised only as a defense to the state law claim."[15]

In the present case, a state court judgment of garnishment has already been entered against Thornton, and Plaintiff has been ordered to comply with those procedures. A similar issue was addressed in *Taylor v. Taylor*,[16] where a plaintiff attempted to remove a state court garnishment proceeding to federal court asserting an infringement of her constitutional rights. The *Taylor* court noted: "The Court notes that this district would be an inappropriate forum for removal of the original state court judgment."[17] The court also noted: "The alleged federal unconstitutionality of the state court and bankruptcy judgments is being raised by Ursula Taylor as a defense. This is not an adequate jurisdictional basis for a removed action. Wright, Miller & Cooper, 14B

---

[14] *Chuska Energy Company v. Mobil Exploration & Producing North America, Inc.*, 854 F.2d 727, 730, citing *Gully v. First National Bank*, 299 U.S. 109, 113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936).
[15] *Id.*, citing *Louisville & Nashville Railroad Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).
[16] No. CIV. A. 01-1886, 2001 WL 1491026 (E.D. La. Nov. 21, 2001).
[17] *Id.* at *3, fn. 3.
38984

*Federal Practice & Procedure* § 3722 (West)."[18] The same is true in the present case as Plaintiff is attempting to obtain a declaratory judgment here to be used as a defense in the state court garnishment proceedings.

Further, the Court is not persuaded by the argument that only a federal court is able to interpret federal statutes. Indeed, the Fifth Circuit has held:

> State courts are routinely required to adjudicate suits in which there are related issues requiring the construction of federal statutes and the Constitution. There is no danger of erroneous or inconsistent construction each time a state court adjudicates those questions in common law or state statutory actions. That Congress has legislated in a specific area, without more, does not empower a federal court to adjudicate matters requiring an interpretation of that legislation. *Murray v. Murray*, 621 F.2d 103, 107 (5th Cir. 1980).[19]

Considering all of the factors presented above and the controlling jurisprudence on this issue, the Court finds that exercising federal question jurisdiction over this declaratory judgment action would be inappropriate, and the Court is vested with broad discretion to decline such exercise of jurisdiction.

---

[18] *Id.* at *3, fn. 4.
[19] *Chuska*, 854 F.2d at 730.

**III. CONCLUSION**

As this action was filed in a clear attempt to obtain a declaratory judgment serving as a defense to the state court garnishment, the Court declines to exercise jurisdiction under the Declaratory Judgment Act. Defendant's *Motion to Dismiss due to Lack of Subject Matter Jurisdiction*[20] is GRANTED and this action is dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on May 15, 2017.

_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No. 5.

38984